UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

HYPEBEAST HONG KONG LIMITED                    Civil Case No. 19-cv-8338

         Plaintiff,

                                            **COMPLAINT**

   v.

JONATHAN ANAND

         Defendant.
-----------------------------------------------------X

      Plaintiff, Hypebeast Hong Kong Limited ("Plaintiff"), by and through its attorneys, files this complaint against defendant, Jonathan Anand ("Anand"), alleging as follows:

## JURISDICTION AND VENUE

      1.     This action arises under the Lanham Act 15 U.S.C. §§1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1221 and 28 U.S.C. §§1338(a) and (b). Venue in this district is proper under 28 U.S.C. §1391(b).

## PARTIES

      2.     Plaintiff is a Hong Kong corporation located at KC100 10/F, 100 Kwai Cheong Road, Kwai Chung, Hong Kong.

      3.     Upon information and belief, Anand is an individual residing in Ridgefield, New Jersey who operates a business known as Hypebeast Pets from 1050 Slocum Ave., Ste. G, Ridgefield, NJ 07657 and 55 Meadow St., Brooklyn, NY 11206.

## THE BACKGROUND OF THE ACTION

      4.     Plaintiff owns the global brand HYPEBEAST, which provides the latest information, news and commentary on fashion, art, music, design and lifestyle both online (i.e. editorial and podcasting) and in print (i.e. magazines). Plaintiff also conducts sales through its HYPEBEAST online

store, now known as HBX, which sells, among other things, clothing, clothing accessories, bags, footwear, bags, jewelry and eyewear from brands such as Nike, Adidas, Champion, Stussy, Off-White, Alexander McQueen, Burberry, Helmut Lang, Prada and Versace.

5.      Plaintiff routinely reports on and hosts events that include celebrities, entertainers and major sports figures.  Plaintiff has a social media following of nearly 8 million followers on Instagram.

6.      Since 2009, Plaintiff has obtained numerous U.S. and foreign[1] trademark registrations related to a variety of goods and services used in connection with the HYPEBEAST and HBX name.  U.S. registrations include the following (the "Registered Marks"):

| Trademark | U.S. Registration No. | Goods and/or Services |
|---|---|---|
| HYPEBEAST | 3575143 | **Class 041**: providing information, news and commentary in the field of popular culture.<br><br>**Class 045**: providing information, news and commentary in the field of fashion. |
| HYPEBEAST | 4304653 | **Class 035**: online retail store services featuring clothing, accessories, consumer electronics, personal care products and home furnishings. |
| HYPEBEAST | 5223250 | **Class 009**: downloadable mobile application for connecting users with information, news and commentary in the fields of fashion, entertainment, art, popular culture, food, music, sports, technology, design, travel and automobiles. |

---

[1] Foreign trademark registrations for HYPEBEAST have been obtained in Canada, the U.K., the E.U., Australia and the Republic of Korea.  There is also pending application for HYPEBEAST in Japan.

| Trademark | U.S. Registration No. | Goods and/or Services |
|---|---|---|
| HYPEBEAST | 5223251 | **Class 016**: magazines in the fields of music, fashion, popular culture, entertainment and lifestyle. |
| HYPEBEAST RADIO | 5666727 | **Class 038**: internet radio broadcasting services; podcasting services. |
| **HYPEBEAST** Radio | 5670529 | **Class 038**: internet radio broadcasting services; podcasting services. |
| **HBX** | 5375430 | **Class 9**: downloadable mobile applications to facilitate online shopping of clothing, footwear, fashion accessories, consumer electronics, personal care products, home furnishings, magazines, toy collectibles, and other general consumer goods.<br><br>**Class 35**: online retail stores featuring clothing, footwear, fashion accessories, consumer electronics, personal care products, home furnishings, magazines, toy collectibles, and other general consumer goods. |

7.     Copies of the Certificates of Registration for the Registered Marks are attached hereto and fully incorporated herein as Exhibit A.

8.     Millions of people throughout the U.S. and around the world identify the Registered Marks in connection with Plaintiff's online editorial content, the HBX online store, print magazines and Internet radio broadcasts.

9.      Screen captures of the HYPEBEAST website and HBX online store are attached hereto and fully incorporated herein as <u>Exhibit B</u>.

<b><u>ANAND'S UNLAWFUL CONDUCT</u></b>

10.      Upon information and belief, Anand owns and operates the website HYPEBEAST PETS located at the URL https://www.hypebeastpet.com/ (the "Infringing Website"). The Infringing Website is an online store featuring apparel, supplies and toys for pets. Similar to Hypebeast, apparel sold on the Infringing Site comes from streetwear and luxury fashion brands including, among others, Stussy, Supreme, Louis Vuitton, Gucci, Versace and Burberry.

11.      Upon information and belief, Anand is selling unofficial, unlicensed apparel and other items from these brands on the Infringing Website without the knowledge or consent of these brands.

12.      Like Hypebeast, the Infringing Website also features online editorial content.

13.      Screen captures of the Infringing Website are attached hereto and fully incorporated herein as <u>Exhibit C</u>.

14.      In addition to using the HYPEBEAST name and copying the overall look and feel of Plaintiff's website, Anand further attempts to pass off the Infringing Website's false association with Plaintiff by also: (i) copying the exact style and font for HYPEBEAST used by Plaintiff on its own website; (ii) similarly positioning the HYPEBEAST name in the upper left corner of the Infringing Website as Plaintiff does on its own website; and (iii) copying precisely the HB icon featured on the browser tab. All of this is done by Anand to intentionally deceive consumers to believe that Plaintiff either is associated with or endorses the Infringing Website, which is not the case. A comparison of the websites noting the obvious similarities is provided below:

**The Infringing Website**



**Hypebeast Website**



15.     Over time, Plaintiff has extended the HYPEBEAST brand to include specific areas of interest, namely women's fashion with HYPEBAE and children's fashion with HYPEKIDS, both marks of which are protected by U.S. trademark registrations and, in the case of HYPEBAE, in foreign territories as well.[2]   Anand has wrongfully exploited this expansion of the HYPEBEAST brand by

---

[2] Plaintiff has obtained trademark registrations for HYPEBAE: (i) in the U.S. under Registration Nos. 5145020 and 5158106; and (ii) in the U.K, the E.U. and Japan.  Plaintiff has also obtained a registration for HYPEKIDS in the U.S. under Registration No. 5846673.

creating the Infringing Website to trick consumers to believe that Plaintiff now engages in the sale of streetwear and luxury fashion to pets, as well as editorial reporting about pets and their care.

16.     Given the global recognition of the HYPEBEAST brand and the fact that: (i) Anand prominently uses the HYPEBEAST name as part of the Infringing Website, (ii) Anand copies the exact style and font of the HYPEBEAST mark (and placement of such mark) as it appears on Plaintiff's website for use on the Infringing Website; (iii) the Infringing Website sells goods from nearly all the same streetwear and luxury brands that Plaintiff has relationships with and which have authorized Plaintiff to sell their apparel and other goods; and (iv) HYPEBEAST has extended the brand to cover women's and children's fashion with HYPEBAE and HYPEKIDS, respectively, the Infringing Website is nothing more than a willful and unlawful scheme by Anand to usurp the HYPEBEAST name and trade off its reputation and goodwill for profit by deceiving consumers to believe that Plaintiff has entered, or has sponsored an authorized party to enter, the pet apparel and goods market using the HYPEBEAST name.

17.     Prior to litigation, Plaintiff contacted Anand by letter to cease and desist any further use of the Registered Marks.  Anand refused to do so and continues to willfully use the HYPEBEAST name without Plaintiff's consent in violation of the Registered Marks.

18.     Plaintiff has been, and continues to be, damaged by the unlawful actions of Anand, who continues to profit from his infringement of the Registered Marks and illegal effort to create a false association between Plaintiff and the Infringing Website, when no such relationship exists.

## FIRST CLAIM
### (Federal Trademark Infringement, 15 U.S.C. §1114)

19.     Plaintiff realleges and incorporates every allegation contained in the preceding paragraphs as though fully set forth herein.

20.     Plaintiff has adopted and used in interstate commerce the Registered Marks in connection with online stores, online news and information, magazines and Internet radio broadcasts related to fashion, art, music, design and lifestyle.

21.      The Registered Marks are prima facie evidence of Plaintiff's exclusive rights in and ownership of the mark, HYPEBEAST, throughout the United States, and the validity and the registration of such marks.  The Registered Marks are incontestable and are conclusive evidence of Plaintiff's exclusive right to the marks in connection with the goods and services listed in the respective registrations under 15 U.S.C. §1115(b).

22.     Anand's use of HYPEBEAST PETS, which is a verbatim use of the dominant HYPEBEAST element of the Registered Marks, in connection with an online store that sells apparel and supplies for pets in the exact same protected class of services (i.e. online stores) and related classes that Plaintiff has already obtained registrations for is confusingly similar and not authorized by Plaintiff.  Anand's unauthorized use of HYPEBEAST is likely to cause confusion, to cause mistake, and to deceive consumers as to the source of the goods and services offered by Anand, in that consumers will likely associate Anand's online store with the goods and services offered by Plaintiff under the Registered Marks, including Plaintiff's own online store HBX, all to the severe detriment of Plaintiff.

23.     Anand's infringing conduct described herein is intentional, willful and designed to mislead, deceive and confuse the consuming public, and to capitalize on the goodwill associated with the Registered Marks.

24.     Anand has violated, and continues to violate, the rights of Plaintiff under the U.S. Trademark Act, giving rise to a cause of action under 15 U.S.C. § 1114(1).

25.     Unless enjoined and restrained by this Court, Anand will continue to engage in such unlawful conduct.  Plaintiff has no adequate remedy at law in that Anand will continue his infringing

conduct, as alleged above, in violation of 15 U.S.C. § 1114.  Plaintiff therefore seeks injunctive relief, pursuant to 15 U.S.C. §1116, precluding Anand from further acts of infringement and from any further use, reference to or association with the Registered Mark.  Plaintiff seeks such other injunctive relief as may be reasonable and appropriate to protect against further infringement of their rights in and to the Registered Marks.

26.     Plaintiff further alleges that it has been damaged as a result of Anand's infringing actions as alleged herein.  Plaintiff is entitled to recover its damages, as well as Anand's profits, treble damages and statutory damages.  Attorneys' fees are authorized by 15 U.S.C. § 1117.

<u>SECOND CLAIM</u>
**(False Designation of Association, Origin, False Endorsement, Unfair
Competition Under Section 43(a) of the Lanham Act, 15 U.S.C.§ 1125(a))**

27.     Plaintiff realleges and incorporates every allegation contained in the preceding paragraphs as though fully set forth herein.

28.     Plaintiff has been advertising and promoting the Registered Marks since at least 2009.

29.     At all times pertinent to this action, Plaintiff has had the sole right throughout the United States to use and publish and permit others to publish the Registered Marks, and Plaintiff has not agreed to be affiliated with or endorse Anand's online store that bears not only the name HYPEBEAST, but uses the exact same style and font for the mark, including placement, that Plaintiff uses on its own website.

30.     Anand's conduct is in violation of 15 U.S.C. §1125 as follows:

a.      Anand operates an online store, in interstate commerce, that sells items from streetwear brands and luxury brands that Plaintiff has existing relationships with (e.g. Supreme, Stussy, Louis Vuitton, Gucci, Versace, Burberry, etc.), through the use of a confusingly similar name (i.e. HYPEBEAST) to that of the Registered Marks.  Anand's actions are intentional and designed to capitalize on the goodwill and recognition of

8

the Registered Marks owned by Plaintiff.  Anand's actions, specifically the use of the exact name as the Registered Marks falsely suggests affiliation, sponsorship and/or endorsement by Plaintiff.  These actions taken together create a false representation and likelihood of confusion as to the origin, source, sponsorship, endorsement, affiliation and authenticity of an online store offering pet apparel, specifically streetwear and luxury brands, under the name HYPEBEAST.  Anand knows that his actions are creating confusion among the consuming public and by his actions intends to confuse, defraud and deceive the consuming public into believing that Plaintiff produces, sponsors or endorses Anand's online store, when it does not.

b.      Anand's unauthorized use, in interstate commerce, of the exact same marks as the Registered Marks in connection with an online store that sells apparel and other goods from streetwear and luxury brands associated with Plaintiff and Plaintiff's own website constitutes a false association that wrongfully and falsely designates the online store as originating from Plaintiff, or being associated, or connected with or approved by or sponsored by Plaintiff, which is likely to confuse, mislead or deceive the consuming public and trade by creating the false impression that Anand's online store was approved, sponsored, endorsed, guaranteed by and/or is in some way affiliated with Plaintiff, when it is not.

31.    As a direct and proximate result of Anand's wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its trademarks, business reputation and goodwill. Anand will continue, unless restrained, to conduct his business using the Registered Marks and will continue to cause irreparable harm to Plaintiff.

32.    Plaintiff therefore seeks injunctive relief precluding Anand from further acts of infringement and from any further use and reference to or association with Plaintiff or the Registered

Marks.  Plaintiff seeks such other injunctive relief as may be reasonable and appropriate to protect further infringement of its rights in and to the Registered Marks.

33.     Anand's manner of use, and continuing use today, of the Registered Marks in interstate commerce in connection with the branding and marketing of his online store constitutes a violation of 15 U.S.C. §1125(a) in that it creates a false designation of origin as to the goods and services advertised, distributed, offered and provided by Anand, which is likely to confuse, mislead or deceive the consuming public and trade by creating the false impression that Anand's online store was approved, sponsored, endorsed, guaranteed by and/or is in some way affiliated with Plaintiff and/or the Registered Marks.

34.     Anand's use, and continuing use, in interstate commerce of the Register Marks in connection with branding, marketing, promotion, advertising of his online stores constitutes a false and misleading description or representation in interstate commerce, in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

35.     Anand's acts have caused Plaintiff to lose control over the reputation and goodwill associated with the Registered Marks.

36.     Plaintiff has suffered damages and Anand has obtained profits and/or unjust enrichment as a result of Anand's false advertising.

37.     As a direct and proximate result of Anand's wrongful acts, Plaintiff suffered and continues to suffer and/or is likely to suffer damage to the Registered Marks, their reputation, goodwill and ability to exploit and license others to exploit the Registered Marks.

38.     As a direct and proximate result of the foregoing conduct of Anand, Plaintiff is entitled pursuant to 15 U.S.C. §1117(a) to the recovery of: (i) Anand's profits related to sales generated from his online store that used the HYPEBEAST name; (ii) and damages sustained by Hypebeast as a result of Anand's conduct, including but not limited to, the fair market value of Plaintiff's intellectual

property misappropriated by Anand, the precise amount of which shall be established at trial; and (iii) Plaintiff's costs of suit.

39.     Upon information and belief, Anand has committed the acts alleged above with knowledge of Plaintiff's prior right to and use of the Registered Marks and with the willful intent to trade on Plaintiff's goodwill and reputation, Plaintiff is entitled to an award of treble damages and increased profits pursuant to 15 U.S.C. §1117.

40.     Unless enjoined and restrained by this Court, Anand will continue to engage in such unlawful conduct.   Pursuant to 15 U.S.C. §1116, Plaintiff seeks injunctive relief precluding Anand from further acts of false designation of origin, false designation of association, false endorsement and unfair competition and from any further use, reference or association with the Registered Marks. Plaintiff seeks such other injunctive relief as may be reasonable and appropriate to protect against further infringement of its rights.

41.     Plaintiff is further entitled to its reasonable attorneys' fees and full costs pursuant to 15 U.S.C. §1117.

## THIRD CLAIM
**(Infringement of Common Law Trademark Rights)**

42.     Plaintiff realleges and incorporates every allegation contained in the preceding paragraphs as though fully set forth herein.

43.     Plaintiff owns and enjoys presumptive and exclusive rights in the Registered Marks. The acts of Anand alleged herein constitutes unfair competition and an infringement of Plaintiff's common law rights in and to the Registered Marks.

44.     Plaintiff's rights are superior to any rights that Anand may claim in and to the same or similar marks, in that Plaintiff's mark is distinctive, or has achieved secondary meaning in the marketplace, and has been used continuously by Plaintiff to identify Plaintiff's goods and services to

distinguish them from others.  The Registered Marks have come to indicate to purchasers that the goods in question are authorized and produced, sponsored, or endorsed by Plaintiff.

45.     Anand's use of the Registered Marks to advertise his online store in New York and elsewhere throughout the United States, is intentional and designed to deceive the public into believing that the goods sold by Anand are approved by, sponsored by or affiliated with Plaintiff.  Anand's acts, as alleged herein, were committed with the intent to deceive and defraud the public that Anand's online store was authorized by and affiliated with Plaintiff.

46.     Anand's infringement is willful and will continue unless enjoined by this Court. Plaintiff therefore seeks equitable relief in the form of an injunction precluding Anand from further acts of infringement and from further use, reference to or association with Plaintiff and the Registered Marks.  Plaintiff further seeks such other injunctive relief as may be reasonable and appropriate to protect further infringement of its rights in and to the Registered Marks.

47.     By reason of Anand's acts alleged herein, Plaintiff has, and will suffer damage to its business, reputation and good will and other damages.  Plaintiff seeks damages in an amount to be determine at trial.

## FOURTH CLAIM
### (Deceptive Acts, N.Y. Gen. Bus. Law §349)

48.     Plaintiff realleges and incorporates every allegation contained in the preceding paragraphs as though fully set forth herein.

49.     New York General Business Law Section 349 (GBL §349) declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state…"

50.     The conduct of the Anand alleged herein constitutes recurring, unlawful, deceptive acts and practices in violation of GBL §349, and as such, Plaintiff seeks monetary damages and the entry

of preliminary and permanent injunctive relief against Anand, enjoining him from inaccurately describing, labeling, marketing and promoting his online store using the Registered Marks.

51.     There is no adequate remedy at law.

52.     Anand misleadingly, inaccurately and deceptively presents his online store to consumers.

53.     Anand made his untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

54.     Anand's deceptive and misleading practices constitute a deceptive act and practice in the conduct of business in violation of New York General Business Law §349(a) and Plaintiff has been damaged as a result.

55.     Based on Anand's recurring unlawful deceptive acts and practices, Plaintiff is entitled to monetary, compensatory, treble and punitive damages, injunctive relief, restitution and disgorgement of all monies obtained by means of Anand's unlawful conduct, included applicable interest and reasonable attorneys' fees and costs.

**<u>FIFTH CLAIM</u>**
**(Unjust Enrichment)**

56.     Plaintiff realleges and incorporates every allegation contained in the preceding paragraphs as though fully set forth herein.

57.     Anand has wrongfully received money from third parties that he should not, in equity and good conscience retain, on account of his federal and common law trademark infringements, false designation of origin, unfair competition and related unlawful acts.

58.     The benefit unjustly received by Anand implies a promise, or quasi-contract, to pay those benefits to Plaintiff.

59.     Plaintiff seeks restitution from Anand consisting of all profits received by the Anand on account of his violations of Plaintiff's rights as described herein.

## SIXTH CLAIM
### (Constructive Trust)

60.     Plaintiff realleges and incorporates every allegation contained in the preceding paragraphs as though fully set forth herein.

61.     By virtue of his wrongful conduct, Anand illegally received money and profits that rightfully belonged to Plaintiff.

62.     Anand is therefore an involuntary trustee, holding the gross receipts from sales generated by his online store attributable to the infringement of Plaintiff's trademark rights in the Registered Marks.  Anand legally holds such monies and funds on behalf of Plaintiff.

63.     Plaintiff is entitled to the remedy of a constructive trust in view of Anand's wrongful infringement of the Registered Mark.

64.     Plaintiff has no adequate remedy at law.  In addition to the equitable remedies sought herein, Plaintiff seeks an accounting and constructive trust on all further monies received by Anand on account of his infringement of Plaintiff's rights.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff demands judgment as follows:

1.      On the First, Second and Third Claims of this Complaint an award of equitable relief and monetary relief, jointly and severally, against Anand as follows:

    a.   That Anand, his agents, servants, employees, attorneys, representatives, successors and assigns and all persons, firms or corporations in active concert or participation with Anand be enjoined and restrained permanently from:

        i.   directly or indirectly infringing the Registered Marks in any manner, including, but not limited to, advertising, selling or offering for sale goods on an online store with a name identical or confusingly similar to the Registered Mark.

    ii.  using any mark, trade name, logo or design that tends falsely to represent, or is likely to confuse, mislead or deceive purchasers, customers or members of the public that the Anand's online store originates from Plaintiff, or that said online store has been sponsored, approved or licensed by or associated with Plaintiff or is in some way connected or affiliated with Plaintiff;

    iii.  engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, members or customers, or other members of the public to believe that the actions of Anand is connected with Plaintiff, is sponsored, approved or licensed by Plaintiff or is in some way connected or affiliated with Plaintiff; and

    iv.  otherwise competing unfairly with Plaintiff in any manner.

b.  That Anand be required to deliver for destruction to Plaintiff's counsel, at the New York address set forth in the signature block below, all infringing promotional and advertising material related to the online store or otherwise, and any other unauthorized items which infringe the Registered Marks.

c.  That Anand be required to account for and to pay to Plaintiff all of Anand's profits and all of Plaintiff's damages resulting from Anand's foregoing infringing and unfair activities.

d.  That Plaintiff recover from Anand its actual and compensatory damages resulting from Anand's conduct in an amount to be proved at trial.

e.  That Plaintiff recover from Anand treble and punitive damages; and

f.  That Plaintiff recover from Anand its costs of this action, reasonable attorneys' fees and prejudgment interest in accordance with 15 U.S.C §1117(a) and N.Y Gen. Bus. Law §349 and other applicable laws.

2.      On the Fourth Claim of this Complaint, Plaintiff have judgment against Anand an award of monetary damages, including treble damages, punitive damages, reasonable attorneys' fees, costs and expenses, such other and further relief as the Court may deem just and proper, and entering preliminary and permanent injunctive relief against Anand, directing Anand to correct his practices and to comply with anti-deceptive practice statutes nationwide.

3.      On the Fifth Claim of this Complaint for restitution against Anand consisting of all profits received on account of his violations of Plaintiff's rights.

4.      On the Sixth Claim of this Complaint for the imposition of a constructive trust on all assets ostensibly owned by Anand or in the possession, custody or control of Anand, from his sales and revenues attributed to online store and therefore attributable to the infringement of the Registered Marks and rights therein:

  a.   entry of an order permanently enjoining Anand from accessing, using, transferring, withdrawing or otherwise dealing with any assets ostensibly owned by Anand or in the possession, custody or control of Anand until such time as the Court orders otherwise;

  b.   an accounting of any and all assets ostensibly owned by Anand or in the possession, custody or control of Anand, including any transactions, acquisitions or transfers by Anand; and

  c.   interest, costs of suit and such other relief as the Court deems just and proper.

**<u>JURY DEMAND</u>**

Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:      New York, New York
           September 6, 2019

**PELOSI WOLF EFFRON & SPATES LLP**

By: **/s/ Angelo DiStefano**
    Angelo DiStefano, Esq.
    The Woolworth Building
    233 Broadway, Ste. 2208
    New York, NY 10279
    (212) 334-4801 (x6482)
    (212) 571-9149 (facsimile)
    adistefano@pwes.com